# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION

| | |
|---|---|
| **IREDELL WATER CORPORATION,** | Case No. 5:21-cv-132 |
| **Plaintiff,** | |
| | **COMPLAINT** |
| vs. | |
| **CITY OF STATESVILLE,** | [Jury Trial Demanded] |
| **Defendant.** | |

Plaintiff Iredell Water Corporation, ("Iredell" or "Plaintiff") asserts the following Complaint against Defendant City of Statesville, ("Statesville" or "Defendant"), and alleges and says as follows:

## PARTIES, JURISDICTION AND VENUE

1. Iredell is a North Carolina not-for-profit corporation formed in 1966 as a Chapter 55A non-profit corporation, and maintains its principal place of business in Statesville, North Carolina.

2. Defendant Statesville is a North Carolina municipal corporation (as defined in the North Carolina General Statutes) located within Iredell County, which operates a municipal water supply system.

3. This Court has jurisdiction over the parties to this action as both parties are located within the Western District of North Carolina.

4. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331, as this case is based on a federal question claim brought under 7 U.S.C. § 1926(b) ("§ 1926(b)") and 42 U.S.C. § 1983. This Court likewise has jurisdiction over Plaintiff's claims for

1

declaratory judgment under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and Rule 57 of the Federal Rules of Civil Procedure.

5. Venue is appropriate in this Court pursuant to and in accordance with 28 U.S.C. §1391(b). Iredell and Statesville are situated within this judicial district and all events giving rise to Iredell's claims occurred in this judicial district.

## FACTUAL ALLEGATIONS

6. Iredell's purpose since its inception has been, and continues to be, to provide water supply service to individuals and businesses situated within Iredell's water service area. Iredell has the legal right to provide water service to all areas at issue in this suit (the "Encroachment Areas") and was providing such water service, making water service available, and had constructed water delivery infrastructure within or near to the Encroachment Areas prior to Statesville commencing water service within the Encroachment Areas in competition with Iredell in violation of § 1926(b).

7. Iredell has the legal right, authority and power to provide water supply service to individuals and entities situated within Iredell's water service area pursuant to North Carolina law. Under federal law, Iredell's water service area is anywhere Iredell has the legal right to provide water service, and where Iredell is providing water service or can provide such water service within a reasonable period of time. Specifically, Iredell had (and continues to have) water towers, and/or water lines either within or adjacent to the Encroachment Areas, which are protected by § 1926(b), prior to the time Statesville first began encroaching into Iredell's water service area.

8. Iredell is empowered, since its creation, to borrow funds. Iredell has borrowed funds from the United States Department of Agriculture ("USDA"), beginning in 1967 (originally

2

borrowing from the Farmers Home Administration ("FmHA")), and has been continuously indebted to the USDA without interruption since 1967, and continues to be indebted to the USDA.

9. In 1961, the U.S. Congress adopted 7 U.S.C. §1926(a) to authorize FmHA (now the USDA) to make loans to nonprofit water service associations for the conservation, development, use, and control of water. Congress enacted § 1926(b) to (1) reduce the per user cost of water resulting from the larger base of users, (2) provide greater security for the federal loans made under the program, and (3) provide a safe and adequate supply of water. *Chesapeake Ranch Water Co. v. Bd. of Comm'rs of Calvert Cty.,* 401 F.3d 274, 277–78 (4th Cir. 2005). § 1926(b) provides that, for an association indebted by a loan from the USDA (or indebted by a loan guaranteed by the USDA) under the statute, "[t]he service provided or made available through any such association shall not be curtailed or limited by inclusion of the area served by such association within the boundaries of any municipal corporation or other public body, or by the granting of any private franchise for similar service within such area during the term of such loan." § 1926(b). Loans originally made by the FmHA and loans made by the USDA, are now administered by the USDA. See Pub.L. No. 103–354 (1994). (See also *Pittsburg Cty. Rural Water Dist. No. 7 v. City of McAlester*, 358 F.3d 694, 701 (10th Cir. 2004)). In each instance where Statesville has been and continues without interruption since at least 1985, to encroach into Iredell's federally protected service area, Statesville, via annexation, has placed portions of Iredell's water service area within the boundaries of Statesville and used such annexations as a "springboard" or basis to provide water service in violation of § 1926(b).

10. To qualify for protection under § 1926(b), Iredell must establish that (1) it is an "association" within the meaning of the 7 U.S.C. § 1926(a), (2) it has a qualifying USDA loan

3

outstanding, and (3) it has provided water service or made water service available to the Encroachment Areas. *Chesapeake Ranch,* at 278.

11. Iredell enjoys the protection of § 1926(b), by reason of its indebtedness to the USDA and by having provided water supply services or by having "made water service available," i.e., by having the ability to provide water service within a reasonable time from when a request for water service is/was made (or should have been made) to all areas and customers at issue in this case. ("*Bell Arthur* makes clear that this circuit already requires at least a showing of physical capability to provide service *within a reasonable time of request*." *Chesapeake Ranch,* at 279. (emphasis added)).

12. In addition to the protection Iredell enjoys from encroachment and competitive water sales by neighboring municipalities such as Statesville, North Carolina state law cannot change the service area to which § 1926(b) protection applies, after that federal protection has attached. Where § 1926(b) protections have attached, § 1926(b) preempts local or state law that can be used to justify a municipality's encroachment upon a disputed area in which an indebted association, such as Iredell, may legally provide service under state law. See *Rural Water Sewer & Solid Waste Mgmt. v. City of Guthrie*, 344 F. App'x 462, 465 (10th Cir. 2009), certified question answered sub nom. *Rural Water Sewer & Solid Waste Mgmt., Dist. No. 1, Logan Cty., Oklahoma v. City of Guthrie*, 2010 OK 51, 253 P.3d 38.

13. Because Iredell has been continuously indebted to the USDA since 1967, any state or local laws passed after § 1926(b) protections attached, which function to limit or curtail the water service provided or made available by Iredell, are preempted by § 1926(b) and have no force or effect.

14. § 1926(b) prohibits municipalities and similar entities, including Statesville, from exercising their powers to sell or provide water supply services, and from placing conditions or restrictions on the service provided or made available by USDA indebted associations, such as Iredell, when the exercise of that power would result in curtailment or limitation of the service provided or made available by Iredell.

15. Statesville has, despite being warned in writing, continued to expand its water service within Iredell's water service area, to provide water service in competition with Iredell. Statesville's actions (1) have curtailed, restricted and limited the water service provided or made available by Iredell, (2) constitute an interference with the water service provided or made available by Iredell, and therefore constitute violations of Iredell's federal rights under §1926(b).

16. Statesville has also interfered with the water supply services provided or made available by Iredell by threatening to withhold municipal fire flow services if the developer or landowner does not agree to obtain non-fire flow water from Statesville, namely imposing a tying arrangement on developers and landowners. Such conduct by Statesville creates a wedge between Iredell and potential water customers which is anathematic to the protections intended by. § 1926(b). See *Rural Water Dist. No. 4, Douglas Cty., Kan. v. City of Eudora, Kan.*, 659 F.3d 969, 985–86 (10th Cir. 2011).

17. Iredell has made an initial calculation of its lost net revenue, caused by past water sales made by Statesville in violation of § 1926(b). The amount of damages suffered by Iredell as a result of Statesville's violations of § 1926(b) is presently believed to exceed $10,000,000.

## FIRST CLAIM FOR RELIEF
**[Violation of 42 U.S.C. §1983]**

18. Iredell restates and realleges the preceding paragraphs as if fully set forth herein.

5

19. To establish a violation of 42 U.S.C. §1983, Iredell must show (1) that Statesville has deprived Iredell of a federal statutory right (§ 1926(b) here); and (2) that Statesville acted under color of state law when it deprived Iredell of its federal rights under § 1926(b). See *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980). See also *Lockridge v. Bd. of Trustees of Univ. of Arkansas*, 315 F.3d 1005, 1016 (8th Cir. 2003).

20. Iredell has a federal right under § 1926(b) to be protected from any curtailment or limitation of the water supply services Iredell has provided or for which Iredell has made available, including its legal right to sell water within its service area and other places authorized by North Carolina state law.

21. The actions of Statesville have deprived and constitute a threat to further deprive Iredell of its § 1926(b) rights, namely the actions of Statesville have curtailed and limited the service provided or made available by Iredell and constitutes a continuing threat to further curtail or limit the service provided or made available by Iredell. Statesville has, without interruption, been engaged in a continuous violation of § 1926(b) since at least 1985.

22. The actions of Statesville are conducted under color of state law, by virtue of Statesville's status as a municipality and its actions/conduct under state law to:

    (a) Annex land within Iredell's state recognized service area; and

    (b) provide water service to areas annexed within the Iredell service area.

23. Iredell has suffered actual damages and is in immediate jeopardy of suffering additional damages as a result of the wrongful acts of Statesville, in an amount yet to be determined but in any event is believed to exceed $10,000,000.

## SECOND CLAIM FOR RELIEF
### [Declaratory Judgment]

24. Iredell restates and realleges the preceding paragraphs as if fully set forth herein.

25. This claim is brought pursuant to and in accordance with 28 U.S.C. §§2201 and 2202, seeking a declaration of the rights and other legal relations of Iredell and Statesville.

26. There exists an actual case or controversy between Iredell and Statesville regarding the effect of Statesville's water sales in competition with Iredell, Statesville's past and continuing water sales to water customers within the Encroachment Areas and Statesville's interference with potential Iredell water customers.

27. Iredell seeks to have this Court declare the rights and other legal relations of Iredell and Statesville concerning the effect of Statesville's annexation of land within the Iredell service area, actual/continuing and threatened water service by Statesville and Statesville's interference with potential Iredell water customers within the Iredell service area for which Iredell has provided water supply services or has made water supply services available, i.e., to which Iredell has sufficient facilities from which water supply services can be provided within a reasonable time.

## THIRD CLAIM FOR RELIEF
### [Injunction]

28. Iredell restates and realleges the preceding paragraphs as if fully set forth herein.

29. Iredell does not have a proper and adequate remedy at law and injunctive relief is a proper remedy for existing violations and threatened violations of § 1926(b) under 42 U.S.C. §1983, as well as under the Declaratory Judgment provisions of 28 U.S.C. §§2201 and 2202.

## FOURTH CLAIM FOR RELIEF
### [Constructive Trust – Customers in Dispute]

30. Iredell restates and realleges the preceding paragraphs as if fully set forth herein.

31. Any and all water lines, mains, meters, tanks, pump stations, valves and other facilities owned by Statesville utilized to serve the water customers within Iredell's service area must be declared to be held in constructive trust for the use and benefit of Iredell, and conveyed to Iredell as part of the equitable remedies sought by Iredell in this case.

## FIFTH CLAIM FOR RELIEF
### [Customers in Dispute – Damages]

32. Iredell restates and realleges the preceding paragraphs as if fully set forth herein.

33. Statesville's actions of selling water to the Customers in Dispute and Statesville's acquisition (through dedication by developers or otherwise) and utilization of water lines within the service area of Iredell all in violation of § 1926(b) has caused Iredell and will continue to cause Iredell to suffer an economic loss and damages of not less than $10,000,000.

## PRAYER FOR RELIEF

By virtue of the preceding allegations, Iredell respectfully prays the Court for the following relief:

1. A declaration that Statesville's existing/continuing and threatened water sales and interference with potential Iredell water customers for which Iredell has the exclusive right to provide water supply services under federal law, were and are a violation of Iredell's rights under § 1926(b) and therefore a violation of 42 U.S.C. § 1983;

2. A monetary judgment against Statesville for all damages sustained by Iredell as a result of Statesville's wrongful conduct or actions, in a sum presently believed to exceed $10,000,000, plus interest;

3. A judgment granting Iredell the equitable remedy of forfeiture by Statesville, of all water lines and other infrastructure described above utilized by Statesville which are situated within the service areas of Iredell;

4. A temporary and permanent injunction against Statesville restraining Statesville from violating Iredell's rights under § 1926(b), and/or from selling water and/or providing water supply services in competition with Iredell;

5. A monetary judgment for all attorney fees and costs incurred in this action, pursuant to 42 U.S.C. § 1988 or pursuant to any other applicable state or federal law;

6. **A trial by jury on all issues so triable**; and

7. Such other and further relief as the Court deems just and equitable.

This the 2nd day of September, 2021.

**JAMES, McELROY & DIEHL, P.A.**

/s/ Adam L. Ross
Adam L. Ross - NC Bar # 31766
525 North Tryon Street, Suite 700
Charlotte, NC 28202
Phone: (704) 372-9870
Fax: (704) 333-5508
E-Mail aross@jmdlaw.com

Steven M. Harris – OBA # 3913
   (to be admitted Pro Hac Vice)
Michael D. Davis – OBA # 11282
   (to be admitted Pro Hac Vice)
S. Max Harris - OBA # 22166
   (to be admitted Pro Hac Vice)
Doyle Harris Davis and Haughey
1350 S. Boulder – Suite 700
Tulsa, Oklahoma 74119
Phone (918) 592-1276
Fax (918) 592-4389
E-Mail steve.harris@1926bLaw.com
E-Mail mike.davis@1926bLaw.com
E-Mail max.harris@1926bLaw.com

*Attorneys for Plaintiff*