# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:21-CV-00132-KDB-DSC

| | |
|---|---|
| **Iredell Water Corporation,** | )<br>) |
| **Plaintiff,** | )<br>) |
| v. | ) **ORDER**<br>) |
| **City of Statesville,** | )<br>) |
| **Defendant.** | )<br>) |

**THIS MATTER** is before the Court on Defendant City of Statesville's ("City") contested Motion for Partial Summary Judgment, which argues that a substantial portion of Plaintiff Iredell Water Corporation's ("IWC") claims are outside the applicable statute of limitations. (Doc. No. 24).[1] The Court has carefully reviewed the motion and considered the parties' briefs and exhibits. For the reasons discussed below, the Court will **GRANT** the motion and enter Partial Summary Judgment in favor of Defendant.

## I. RELEVANT BACKGROUND

This case involves a territorial dispute over water utility service in the City of Statesville between the City and Iredell Water, which is a North Carolina corporation formed in 1966 as a Chapter 55A nonprofit corporation to construct and operate a water distribution system. IWC has borrowed funds from the United States Department of Agriculture since 1967. *Id*. ¶ 8. IWC asserts that since at least 1985 the City has been annexing property and providing water to persons in

---

[1] As discussed below, the Court will defer ruling on IWC's Motion for Partial Summary Judgment (Doc. No. 23).

1

those annexed areas in violation of IWC's exclusive monopoly to provide water under 7 U.S.C. § 1926(b).

IWC brings its claims under 42 U.S.C. § 1983 and is seeking damages for the alleged encroachment, a declaratory judgment that the City's actions violate § 1926(b), an injunction restraining the City from selling water in competition with IWC, and a declaration that the City's equipment used to serve water customers that are allegedly within IWC's service area be held in constructive trust for IWC.

## II. LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, 888 F.3d 651, 659 (4th Cir. 2018) (quoting Fed. R. Civ. P. 56(a)); *see United States, f/u/b Mod. Mosaic, LTD v. Turner Constr. Co.*, *et al.*, 946 F.3d 201, 206 (4th Cir. 2019).

A factual dispute is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "A fact is material if it might affect the outcome of the suit under the governing law." *Vannoy v. Federal Rsrv. Bank of Richmond*, 827 F.3d 296, 300 (4th Cir. 2016) (quoting *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013)).

The party seeking summary judgment bears the initial burden of demonstrating the lack of a genuine issue of material fact through citations to the pleadings, depositions, answers to interrogatories, admissions, or affidavits in the record. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. **2003).** "The burden on the moving party may be discharged by 'showing' ... an absence of evidence to

support the nonmoving party's case." *Celotex*, 477 U.S. at 325. Once this initial burden is met, the burden shifts to the nonmoving party. The nonmoving party "must set forth specific facts showing that there is a genuine issue for trial," *Id*. at 322 n.3. The nonmoving party may not rely on mere allegations or denials of allegations in his pleadings to defeat a motion for summary judgment. *Id*. at 324.

In determining whether summary judgment is appropriate, "courts must view the evidence in the light most favorable to the nonmoving party and refrain from weigh[ing] the evidence or mak[ing] credibility determinations." *Variety Stores,* 888 F.3d at 659 (internal quotation marks omitted) (quoting *Lee v. Town of Seaboard*, 863 F.3d 323, 327 (4th Cir. 2017)); *see Modern Mosaic* at *2. "Summary judgment cannot be granted merely because the court believes that the movant will prevail if the action is tried on the merits." *Jacobs v. N.C. Admin. Off. of the Courts*, 780 F.3d 562, 568-69 (4th Cir. 2015) (quoting 10A Charles Alan Wright & Arthur R. Miller et al., Federal Practice & Procedure § 2728 (3d ed.1998)).

However, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009) (internal citations omitted). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. The mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. *Id*. If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Id*. at 249-50.

In the end, the question posed by a summary judgment motion is whether the evidence as applied to the governing legal rules "is so one-sided that one party must prevail as a matter of law." *Id*. at 252.

### III. DISCUSSION

In its motion for Partial Summary Judgment the City argues that all of IWC's claims that arose before September 2, 2018 are time-barred because the three-year statute of limitations has expired.[2] IWC retorts that the three-year statute of limitations is inapplicable because the City's conduct is a continuing violation of § 1926(b). If the alleged violation is a continuing one, then the final act has not occurred and thus the statute of limitations has not even begun to run. Thus, the ultimate questions before the Court are therefore 1) what conduct or action violates § 1926(b) and 2) is that violation a continuous one. IWC contends it is the City's provision of water service in competition with IWC that comprises the violation(s). The City has been providing water service in competition with IWC, continuously and without interruption, since 1985 and thus, according to IWC, there has been a continuing violation of the statute. In contrast, the City maintains that an alleged § 1926(b) violation occurs when there has been an annexation that curtails water service. Hence, according to the City, the statute of limitations begins to run upon the discrete act of annexation. For the reasons discussed below, the Court agrees with the City.

---

[2] Both parties agree the statute of limitations for IWC's claims is three years. There is no specified statute of limitations in § 1983 and thus "[t]he statute of limitations for all § 1983 claims is borrowed from the applicable state's statute of limitations for personal-injury actions, even when a plaintiff's particular § 1983 claim does not involve personal injury." *Tommy Davis Const., Inc. v. Cape Fear Pub. Util. Auth.*, 807 F.3d 62, 66–67 (4th Cir. 2015). In North Carolina, a claim for personal injury must be brought within three years from the time the harm "becomes apparent or ought reasonably to have become apparent to the claimant." N.C. Gen. Stat. § 1-52(16). Thus, the statute of limitations in North Carolina for claims brought under 42 U.S.C. § 1983 is three years. *Tommy Davis Const.,* 807 F.3d at 66–67.

Section 1926 of the Consolidated Farm and Rural Development Act "specifically authorizes federal loans to nonprofit water service associations to promote the 'conservation, development, use, and control of water' to assist farmers, ranchers, farm tenants, and other rural residents." *Bell Arthur Water Corp. v. Greenville Utils. Comm'n*, 173 F.3d 517, 519 (4th Cir. 1999) (quoting 7 U.S.C. § 1926(a)(1)). Congress sought to protect federally indebted, nonprofit water associations from "competitive facilities, which might otherwise [be] developed with the expansion of the boundaries of municipal and other public bodies into an area served by the rural system." *Chesapeake Ranch Water Co. v. Bd. of Comm'rs*, 401 F.3d 274, 278 (4th Cir. 2005) (citing S. Rep. No. 87-566, at 67, 1961 U.S.C.C.A.N. at 2309). Thus, Congress enacted § 1926(b), which limits municipal competition for water service as follows:

> The service provided or made available through any such association shall not be curtailed or limited by inclusion of the area served by such association within the boundaries of any municipal corporation or other public body, or by the granting of any private franchise for similar service within such area during the term of such loan; nor shall the happening of any such event be the basis of requiring such association to secure any franchise, license, or permit as a condition to continuing to serve the area served by the association at the time of the occurrence of such event.

7 U.S.C.§ 1926(b).

When interpreting a statute, the Court of course first looks to its text. *See Landreth Timber Co. v. Landreth*, 471 U.S. 681, 685, 105 S.Ct. 2297, 2301, 85 L.Ed.2d 692 (1985). If the statute's language is plain and unambiguous, the function of the Court is to enforce it according to its terms. *See Caminetti v. United States*, 242 U.S. 470, 485, 37 S.Ct. 192, 194, 61 L.Ed. 442 (1917). As noted above, § 1926(b) states a protected association's services "***shall not be curtailed or limited by inclusion of the area served by the association within the boundaries of any municipal corporation or other public body***, or by the granting of any private franchise for similar service within such area during the term of such loan…" (emphasis added). In this framework, the verbs

5

"curtail" and "limit" denote something being taken or restricted from the holder. *See Pub. Water Supply Dist. No. 3 of Laclede Cty., Mo. v. City of Lebanon, Mo*., 605 F.3d 511, 516 (8th Cir. 2010) (citing The New Shorter Oxford English Dictionary 575, 1591 (4th ed.1993) (defining "curtail" as "[s]horten in ... extent or amount; abridge"; defining "limit" as "set bounds to; restrict")).

Further, the statute's language unambiguously prohibits a municipality from curtailing or limiting water service rights by: (1) annexing an area that an association serves and thereby restricting water service by the association;³ or (2) granting a private franchise for similar service within the association's service area. *See Chesapeake Ranch Water Co.*, 401 F.3d at 278 (citing *Bell Arthur*, 173 F.3d at 520) (holding § 1926(b) protects against only certain forms of competitive behavior, including "curtailment or limitation of the associations' service areas through annexation or through the imposition of conditions for service such as the requirement of a franchise, license, or permit.") (citing *Bell Arthur*, 173 F.3d at 520)). Thus, for IWC to have a cognizable § 1926(b) claim it must allege that the City has restricted or abridged its water service through one of these two enumerated competitive actions. *See Pub. Water Supply Dist. No. 1 of Greene Cty., Missouri v. City of Springfield, Missouri*, No. 20-CV-03318-SRB, 2021 WL 4806736, at *4 (W.D. Mo. Oct. 14, 2021) ("§ 1926(b) does not state, or even suggest, that it applies absent one of these two enumerated events.").

The question therefore becomes whether an annexation that curtails an association's water service is a single or continuing violation of the statute. To establish a continuing violation a

---

³ Beyond its plain meaning, this reading of the statute reflects a logical public policy because when a municipality annexes an area it is often required to provide public services to its new inhabitants. *See generally U.S. Cold Storage, Inc. v. Town of Warsaw*, 246 N.C. App. 781, 785, 784 S.E.2d 575, 578 (2016) (citing *In re Annexation Ordinance*, 255 N.C. 633, 646, 122 S.E.2d 690, 700 (1961) (holding when a town supplies water to its inhabitants, it "owes the duty of equal service to consumers within its corporate limits")).

6

plaintiff must establish that the illegal act was a fixed and continuing practice. *Nat'l Advert. Co. v. City of Raleigh*, 947 F.2d 1158, 1166 (4th Cir. 1991). A continuing violation is not "continual ill effects from an original violation." *Id.*

IWC seeks to establish a continuing violation by arguing it merely referenced annexation as the "springboard," not as the basis of the §1926(b) violation, and that the competitive water sales, which are ongoing, establish the violation of § 1926(b). Yet, this interpretation of IWC's claims flouts the text of § 1926(b). To remedy this incompatibility with the text, IWC urges this Court to adopt a more expansive interpretation of §1926(b). IWC argues that annexation is not required for a § 1926(b) violation; rather, competitive water sales alone can provide the basis for § 1926(b) claims. *See Adams Cty. Reg'l Water Dist. v. Vill. of Manchester, Ohio*, 226 F.3d 513, 518 (6th Cir. 2000) ("Construing § 1926(b) liberally, as this Court is required to do, *see* Wayne, 36 F.3d at 527, it is not necessary that Manchester actually annex or attempt to physically include West Union in its municipality in order for curtailment to be found.").

However, this reading does not hold-water. If Congress wanted to prohibit the curtailment of water service by means other than those expressly enumerated, it could have. But it did not. A court may not employ a broad construction of existing statutory language that adds language that does not exist. *National Ass'n of Mfrs. v. Dep't of Defense*, —— U.S. ——, 138 S. Ct. 617, 632, 199 L.Ed.2d 501 (2018) (recognizing that courts cannot "override Congress' considered choice by rewriting the words of the statute"). Thus, the Court declines to follow the non-binding decisions that employ a broader reading of the statute's prohibited conduct and will enforce the statute according to its limited and clearly stated provisions. *See e.g.*, *Adams Cty. Reg'l Water Dist.*, 226 F.3d at 518: *Rural Water Dist. No. 4, Douglas Cty., Kan. v. City of Eudora, Kan.*, 659 F.3d 969,

7

985–86 (10th Cir. 2011); *Pittsburg Cty. Rural Water Dist. No. 7 v. City of McAlester*, 358 F.3d 694, 715 (10th Cir. 2004).

In sum, IWC's ongoing inability to provide water service in the annexed areas is merely an ill effect of a single, discrete action, the initial annexation that resulted in the curtailment of IWC's water service. *See City of Lebanon, Mo.,* 605 F.3d at 516 (A city "curtails or limits service within the meaning of § 1926(b) when it initially provides service to a customer, not when it continues to do so."). Thus, any claim that arose from annexation and curtailment before September 2, 2018[4] is time-barred and will be dismissed.[5]

---

[4] It is unclear to the Court based on the pleadings to what extent IWC's claims arose before September 2, 2018.

[5] The Court will defer ruling IWC's Motion for Partial Summary Judgment (Doc. No. 23) to allow the parties to review their litigation positions in light of the Court's ruling. On or before twenty-one days (21) days from the date of this Order, the Parties are directed to inform the Court, preferably in a joint filing without further substantive argument, which of their respective remaining claims and defenses they intend to continue to pursue and what they believe remains to be decided by the Court on IWC's motion.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT**:

1. Defendant's "Motion for Partial Summary Judgment" (Doc. No. 24) is **GRANTED,** and **PARTIAL SUMMARY JUDGMENT** is hereby entered in favor of Defendant on the claims that arose before September 2, 2018 in this action;

2. On or before twenty-one days (21) days from the date of this Order, the Parties are directed to inform the Court which of their respective remaining claims and defenses they intend to continue to pursue and what they believe remains to be decided by the Court on Plaintiff's Motion for Partial Summary Judgment (Doc. No. 23).

**SO ORDERED ADJUDGED AND DECREED**.

Signed: March 25, 2022

Kenneth D. Bell
United States District Judge