IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:21-CV-00132-KDB-DSC

| | |
|---|---|
| **IREDELL WATER CORPORATION,** Plaintiffs, v. **CITY OF STATESVILLE,** Defendants. | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff's Motion for Reconsideration of the Court's Order granting Defendant's Motion for Partial Summary Judgment (Doc. Nos. 31, 32). For the reasons discussed below, the Court will **DENY** the Motion.

### I. LEGAL STANDARDS

Unless certified as final, "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). While the Federal Rules of Civil Procedure do not specifically contain a "motion for reconsideration," such motions, however, are allowed in certain, limited circumstances. The power to reconsider or modify interlocutory rulings is committed to the discretion of the district court. *See Fayetteville Investors v. Commercial Builders, Inc*., 936 F.2d 1462, 1473 (4th Cir.1991). Further, "the clear policy of the Rules is to encourage dispositions of claims on their merits …." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982) (citations omitted).

1

Grounds for Rule 54(b) reconsideration include: (1) an intervening change in the law, (2) new evidence that was not previously available, or (3) correction of a clear error of law or to prevent manifest injustice. *Wootten v. Commonwealth of Va.*, 168 F. Supp. 3d 890, 893 (W.D. Va. 2016). Such motions are "not meant to re-litigate issues already decided, provide a party the chance to craft new or improved legal positions, highlight previously-available facts, or otherwise award a proverbial 'second bite at the apple' to a dissatisfied litigant." *Id.* The motion is inappropriate where it "merely reiterates previous arguments." *Univ. of Va. Patent Found. V. Gen. Elec. Co.*, 755 F.Supp. 2d 738, 744 (W.D. Va. 2011).

## II. DISCUSSION

Plaintiff contends there are "clear errors of law" in the Court's Order granting Defendant's Motion for Partial Summary Judgment (Doc. No. 31). To describe these alleged "errors," Plaintiff offers three *novel*, and it presumably hopes better, arguments as to why Defendant's motion should have been denied. First, it argues that constitutional standing is not triggered by annexation alone because there is no "injury-in-fact." Second, that annexation has no impact on Plaintiff's claims because Statesville's boundaries of water service are not established or defined by annexation, but by N.C.G.S. § 160A-312(a). And third, that when acting under N.C.G.S § 160A-312(a) to provide water within Plaintiff's federally protected service area, Statesville had a "private franchise," as contemplated by 7 U.S.C. § 1926(b), which it contends provides an alternative means for considering the statute of limitations.

Whatever the merits of these new arguments may be, the Court has not considered and need not reach them because these arguments were not made in Plaintiff's Response to the Motion for Partial Summary Judgment and a motion for reconsideration is not the proper avenue to raise them for the first time. (*See* Doc. No. 26). Simply put, Plaintiff cannot use this motion as an

occasion "to present a better and more compelling argument that the party could have presented in the original briefs." *Madison River Mgmt. Co. v. Bus. Mgmt. Software Corp.*, 402 F. Supp. 2d 617, 619 (M.D.N.C. 2005); *see also Evans v. Trinity Indus., Inc.*, No. 2:15CV314, 148 F. Supp. 3d 542, 2015 U.S. Dist. LEXIS 164731, 2015 WL 8331944, at *3 (E.D. Va. Nov. 25, 2015) (Aggrieved parties may not "put a finer point on their old arguments and dicker about matters decided adversely to them."); *United States v. Duke Energy Corp.*, 218 F.R.D. 468, 474 (M.D.N.C. 2003) ("a party who fails to present his strongest case in the first instance generally has no right to raise new theories or arguments in a motion to reconsider"). There is no reason why Plaintiff could not have raised these new arguments in its initial Response. Indeed, the words "standing," "N.C.G.S § 160A-312(a)," and "private franchise" do not appear once in Plaintiff's Response. (*See* Doc. No. 26). This Court will not grant the Plaintiff a "second bite at the apple" because Plaintiff is unhappy with the Court's Order.

### III.  ORDER

**NOW THEREFORE IT IS ORDERED THAT** Plaintiff's Motion for Reconsideration, (Doc. No. 32), is **DENIED**.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: April 12, 2022

Kenneth D. Bell
United States District Judge