IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:21-CV-00132-KDB-DSC

| | |
|---|---|
| IREDELL WATER CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF STATESVILLE,<br><br>Defendants. | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff's Motion for Partial Summary Judgment (Doc. No. 23), which Defendant opposes. (Doc. No. 27). The Court has carefully reviewed the motion and considered the parties' briefs and exhibits. For the reasons discussed below, the Court will **GRANT in part and DENY in part** the motion.

## I. RELEVANT BACKGROUND

This case involves a territorial dispute over water utility service in the City of Statesville between the Defendant City and Plaintiff Iredell Water Corporation ("IWC"), a North Carolina corporation formed in 1966 as a Chapter 55A nonprofit corporation to construct and operate a water distribution system. IWC has borrowed funds from the United States Department of Agriculture since 1967. IWC asserts that since 1985 the City has been annexing property and providing water to persons in those annexed areas in violation of IWC's exclusive monopoly to provide water under 7 U.S.C. § 1926(b).

IWC brings its claims under 42 U.S.C. § 1983 and is seeking 1) damages for the alleged encroachment, 2) a declaratory judgment that the City's actions violate § 1926(b), 3) an injunction

1

restraining the City from selling water in competition with IWC, and 4) a declaration that the City's equipment used to serve water customers that are allegedly within IWC's service area be held in constructive trust for IWC. The City has counterclaimed, alleging violations of 15 U.S.C. § 2 (unlawful monopolization); the First Amendment of the United States Constitution; Article I, Section 34 of the North Carolina Constitution; and North Carolina General Statutes §§ 75-1.1, 75-2.1, 55A-3-04, and 55A-14-30. (Doc. No. 9). The City also asks for a declaratory judgment defining IWC's proper service area. *Id.*

## II.     LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, 888 F.3d 651, 659 (4th Cir. 2018) (quoting Fed. R. Civ. P. 56(a)); *see United States, f/u/b Mod. Mosaic, LTD v. Turner Constr. Co., et al.*, 946 F.3d 201, 206 (4th Cir. 2019).

A factual dispute is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "A fact is material if it might affect the outcome of the suit under the governing law." *Vannoy v. Federal Rsrv. Bank of Richmond*, 827 F.3d 296, 300 (4th Cir. 2016) (quoting *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013)).

The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact through citations to the pleadings, depositions, answers to interrogatories, admissions, or affidavits in the record. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. **2003).** "The burden on the moving party may be discharged by 'showing' ... an absence of evidence to

2

support the nonmoving party's case." *Celotex*, 477 U.S. at 325. Once this initial burden is met, the burden shifts to the nonmoving party. The nonmoving party "must set forth specific facts showing that there is a genuine issue for trial," *Id*. at 322 n.3. The nonmoving party may not rely on mere allegations or denials of allegations in his pleadings to defeat a motion for summary judgment. *Id*. at 324.

In determining if summary judgment is appropriate, "courts must view the evidence in the light most favorable to the nonmoving party and refrain from weigh[ing] the evidence or mak[ing] credibility determinations." *Variety Stores,* 888 F.3d at 659 (internal quotation marks omitted) (quoting *Lee v. Town of Seaboard*, 863 F.3d 323, 327 (4th Cir. 2017)); *see Modern Mosaic* at *2. "Summary judgment cannot be granted merely because the court believes that the movant will prevail if the action is tried on the merits." *Jacobs v. N.C. Admin. Off. of the Courts*, 780 F.3d 562, 568-69 (4th Cir. 2015) (quoting 10A Charles Alan Wright & Arthur R. Miller et al., Federal Practice & Procedure § 2728 (3d ed.1998)).

However, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009) (internal citations omitted). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. The mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. *Id*. If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Id*. at 249-50.

In the end, the question posed by a summary judgment motion is whether the evidence as applied to the governing legal rules "is so one-sided that one party must prevail as a matter of law." *Id*. at 252.

### III.    DISCUSSION

IWC asked for leave to file a motion for partial summary judgment on February 16, 2022 to "narrow the scope of the case, and associated discovery." (Doc. No. 19). The Court granted the motion the following day.

IWC has now moved for partial summary judgment seeking a ruling from the Court: (1) that for the purpose of IWC's § 1926(b) claims, (a) IWC is an "association" contemplated by § 1926(b), (b) is indebted on a qualifying federal loan under 7 U.S.C. §§ 1926(a) and 1926(b), and (c) has the legal right to provide water service to the water customers located within the "Encroachment Areas" under North Carolina law; (2) that IWC's § 1926(b) rights are enforceable under 42 U.S.C. § 1983; (3) that Statesville's Affirmative Defenses are unavailable as a matter of law; and (4) striking or dismissing Statesville's Counterclaims. (*See* Doc. No. 23-3).

#### A.    § 1926(b)

To qualify for protection under § 1926(b), IWC must establish that (1) it is an "association" under the Consolidated Farm and Rural Development Act of 1961, (2) it has a qualifying federal loan outstanding, and (3) it has provided water service or made it available to the disputed area. *Chesapeake Ranch Water Co. v. Bd. of Comm'rs of Calvert Cty*., 401 F.3d 274, 278 (4th Cir. 2005) (citing *Le–Ax Water Dist. v. City of Athens, Ohio,* 346 F.3d 701, 705 (6th Cir. 2003)). To satisfy the third element, that an association has provided or made available service, IWC must prove that (1) it is physically capable of serving the area in dispute, (2) it has the legal right under state law

4

Case 5:21-cv-00132-KDB-DSC    Document 37    Filed 04/25/22    Page 4 of 13

to do so, and (3) the disputed area is within the geographic boundaries of the association's existing franchise area. *Id.* at 281.[1]

As noted above, IWC has moved for summary judgment on the first two elements and on part of the test for whether service has been made available. Specifically, IWC argues that: (a) IWC is an "association" contemplated by § 1926(b), (b) is indebted on a qualifying federal loan, and (c) has the legal right to provide water service to the water customers located within the "Encroachment Areas" under North Carolina law. (Doc. No. 23-3). The City admitted in its Response that IWC is an "association" under the CFRDA. (Doc. 27 at 5). Therefore, the Court will grant IWC summary judgment as to whether it is an "association" under § 1926(b) and find that it is an association as defined by the CFRDA.

However, as to all other arguments raised by IWC related to its § 1926(b) claims, the Court finds partial summary judgment would be inappropriate. Rule 56(a) permits the Court to "grant summary judgment 'with respect to all claims in an action or only some claims in a multiple claim action.'" *Parker v. Smithfield Packing Co*., No. 7:07-CV-176-H, 2010 U.S. Dist. LEXIS 101185, at *16 (E.D.N.C. Aug. 31, 2010) (citing *Evergreen Intern., S.A. v. Marinex Const. Co., Inc*., 477 F. Supp. 2d 697, 699 (D.S.C. 2007)). Thus, a party is not entitled to partial summary judgment

---

[1] IWC states in its motion that the Fourth Circuit has "embraced" the "Pipes in the Ground" test to determine whether an association has "made service available." (*See* Doc. No. 23-3) (citing *Chesapeake Ranch*, 401 F.3d at 279). However, IWC is mistaken. Rather, in *Chesapeake Ranch*, the Circuit acknowledged that it had not yet decided the issue and that there was a circuit spilt as to what was the appropriate test. The court concluded "that the test articulated by the Sixth Circuit, by requiring a water association invoking § 1926(b) to demonstrate that the disputed area is within the geographic boundaries of the association's existing franchise area, best effectuates Congress' intent in passing § 1926(b). We therefore adopt the *Le–Ax test* as our own. For purposes of § 1926(b), to prove that it has provided or made available service, a water association must demonstrate that (1) it is physically capable of serving the area in dispute, (2) it has the legal right under state law to do so, and (3) the disputed area is within the geographic boundaries of the association's existing franchise area." *Chesapeake Ranch*, 401 F.3d at 281.

unless such judgment would be dispositive of an entire claim. *Evergreen*, 477 F. Supp. 2d at 699 (citing *City of Wichita v. United States Gypsum Co.*, 828 F. Supp. 851, 868-69 (D. Kan. 1993)) (holding that the "all or any part" language in Rule 56(a) permits the granting of summary judgment with respect to all claims in an action or only some claims in a multiple claim action). The "piecemealing" of chosen elements on a single claim is not permitted by Rule 56. *Parker*, 2010 U.S. Dist. LEXIS 101185, at *17. Consequently, the Court will deny IWC's motion as to all of its § 1926(b) arguments[2] except as to whether it is an association under § 1926(b).[3]

## B. Affirmative Defenses

In its answer and counterclaim, (Doc. No. 9), the City asserted several affirmative defenses. IWC contends, among other things, that many of these "affirmative defenses" are not properly characterized as affirmative defenses and therefore fail as a matter of law.

An "affirmative defense" is made up of facts and argument that, if true, will defeat the plaintiff's claims even if the allegations in the complaint are true. *See Emergency One, Inc. v. Am. Fire Eagle Engine Co.,* 332 F.3d 264, 271 (4th Cir. 2003) (An affirmative defense is the "'defendant's assertion raising new facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all allegations in the complaint are true.'"). The Court will address each challenged affirmative defense in turn.[4]

### i. Failure to State a Claim (Affirmative Defense #1)

---

[2] This includes IWC's argument that its § 1926(b) rights are enforceable under 42 U.S.C. § 1983.
[3] Of course, as to all legal and factual "elements" in the Parties' claims that are not truly disputed, the Court expects that the parties will stipulate to those issues at the appropriate time prior to trial.
[4] The Court will not address Affirmative Defense #3, Statute of Limitations, and Affirmative Defense # 8, Violation of First Amendment. The Court's previous Order, Doc. No. 31, already fully resolved the Statute of Limitations issue and the City withdrew its First Amendment argument. (*See* Doc. No. 27).

The City's first affirmative defense states that the complaint "fails to state a claim for relief against Statesville." (Doc. No. 9). This "affirmative defense" is nothing more than a recitation of the standard for dismissal under Rule 12(b)(6). Moreover, it fails to notify IWC of any alleged deficiencies in its Complaint. Indeed, the City does not even try to defend this "defense" in its Response. (*See* Doc. No. 27). Therefore, it will be dismissed.

### *ii. Standing (Affirmative Defense #2)*

The City's second affirmative defense is that IWC lacks standing because it "does not have legal or corporate authority to provide water service to the areas being serviced by Statesville, nor has Iredell provided water or made water service available in the areas being serviced by Statesville." (Doc. No. 9). This argument goes directly to whether IWC has met the "legal right" and "physical ability" components of its § 1926(b) claim. As such, it is not an affirmative defense. *See First Fin. Savings Bank v. American Bankers Insurance Co. of Florida, Inc*., 783 F. Supp. 963, 969 (E.D.N.C., 1991) (holding that an element of the claim is not an "avoidance or affirmative defense."). Accordingly, this defense will be dismissed.

### *iii. Equitable Defenses (Affirmative Defense #4)*

Statesville has alleged several equitable defenses as affirmative defenses, including: Waiver, Estoppel, Release, and Laches. (Doc. No. 9). IWC maintains these equitable doctrines cannot be applied to block the application of a statute enacted to protect the public interest, and that § 1926(b) was passed to promote the public interest. (Doc. No. 23-3).

As a general principle, the doctrine of equitable estoppel and other principles of equity will be applied by a federal court to achieve fairness and prevent injustice. *See Heckler v. Cmty. Health Serv. of Crawford Cty., Inc*. 467 U.S. 51, 59, 104 S.Ct. 2218, 81 L.Ed.2d 42 (1984). IWC relies on *Jennings Water, Inc. v. City of N. Vernon, Inc*., 895 F.2d 311, 317 (7th Cir. 1989), which held a

water district's motion for injunctive relief could not be barred by equitable estoppel because equitable defenses cannot block the application of a statute enacted to protect the public interest. *Id*. Other courts have adopted the holding in *Jennings* and prohibited the application of all equitable defenses, specifically estoppel, laches, and waiver, to any claims under § 1926(b). *See e.g.*, *Sioux Rural Water Sys., Inc. v. City of Watertown*, No. 15-1023-CBK, 2017 WL 1372602 (Apr. 12, 2017); *Beckham Cty. Rural Water Dist. No. 3 v. Elk City*, No. CIV-05-1485-F, 2014 WL 12818729 (Jun. 2, 2014); *Rural Water Dist. No. 4, Douglas Cty., Kan. v. City of Eudora, Kan.*, 604 F. Supp. 2d 1298, 1334 (D. Kan. 2009), *reversed on other grounds*, 659 F.3d 969 (10th Cir. 2011)).

However, the *Jennings* court did not state a categorical rule that estoppel can never apply to a claim brought under § 1926(b). *See Milcrofton Util. Dist. of Williamson Cty., Tennessee v. City of Brentwood, Tennessee*, 458 F. Supp. 3d 757, 771 (M.D. Tenn. 2020). Its holding was much narrower. The court stated, "in suits between private parties, traditional equitable estoppel may not always be available when the plaintiff's cause of action is based on a federal statute" and finding that "equitable estoppel, applied here, would 'block the application of a statute intended to protect the public interest.'" *Jennings*, 895 F.2d at 317.

The Fourth Circuit has not yet addressed this specific issue. However, it has defined the public interest at the root of § 1926(b) protection, noting that it is: "(1) to reduce per user cost resulting from the larger base of users, (2) to provide greater security for the federal loans made under the program, and (3) to provide a safe and adequate supply of water. See 1961 U.S.C.C.A.N. at 2309." *Bell Arthur Water Corp. v. Greenville Utils. Comm'n,* 173 F.3d 517, 519-520 (4th Cir. 1999). Thus, until directed by the Circuit, the Court declines to establish a categorical rule against equitable defenses in the § 1926(b) context and holds that whether an asserted equitable defense

8

would interfere with the public interest is a fact-intensive question. Accordingly, the Court will deny IWC's partial motion for summary judgment as to the equitable defenses asserted by the City.

### *iv. Failure to Mitigate (Affirmative Defense #5)*

The City's fifth affirmative defense is that IWC's claims are "barred…by its failure to reasonably mitigate its damages." (Doc. No. 9). However, any failure to mitigate damages does not bar a remedy but goes only to the damages IWC can recover. *See Wiener v. AXA Equitable Life Ins. Co.,* No. 3:18-cv-00106-RJC-DSC, 2020 U.S. Dist. LEXIS 98987*,* at *25 (W.D.N.C. June 4, 2020) (citing *Smith v. Childs*, 437 S.E.2d 500, 507 (N.C. Ct. App. 1993) ("the failure to mitigate damages is not an absolute bar to all recovery; rather, a plaintiff is barred from recovering for those losses which could have been prevented through the plaintiff's reasonable efforts.")). Therefore, this defense will be dismissed.

### *v. No Legal Right and Failure to Have Made Service Available - Physical Ability (Affirmative Defenses #6,7)*

The City's sixth and seventh affirmative defenses concerning IWC's right and ability to make water service available relate to factual issues surrounding IWC's § 1926(b) claims and are not appropriate affirmative defenses. *See First Fin. Savings Bank v. American Bankers Insurance Co. of Florida, Inc*., 783 F. Supp. 963, 969 (E.D.N.C., 1991) (holding that an element of a claim is not an "avoidance or affirmative defense."). Again, the City does not even seek to defend these "affirmative defenses" in its Response. (*See* Doc. No. 27). Therefore, while the City can of course dispute these factual issues in the context of opposing Plaintiff's § 1926(b) claims, its related affirmative defenses will be dismissed.

### *vi. Violation of Tenth Amendment and Spending Clause (Affirmative Defenses #9, 10)*

As its ninth and tenth defenses, the City asserts that the protection provided to IWC by § 1926(b) violates the Tenth Amendment of the United States Constitution and Article 1, Section 8 of the United States Constitution. (Doc. No. 9). However, the Fourth Circuit has held that "§ 1926(b) constitutes a valid exercise of Congress' spending power, and thus does not violate the Tenth Amendment." *James Island Pub. Service District v. City of Charleston*, 249 F.3d 323, 330 (4th Cir.2001). Other circuits agree. *See City of Madison v. Bear Creek water Assoc., Inc.*, 816 F.2d 1057, 1060-1061 (5th Cir.1987); *Glenpool Util. Service Authority v. Creek Cnty. RWD No. 2*, 861 F.2d 1211, 1215-1216 (10th Cir.1988) and *Ross Cnty. Water Co., Inc. v. City of Chillicothe*, 666 F.3d 391 (6th Cir.2011).

Nevertheless, the City maintains that, unlike in those other cases, North Carolina has not "knowingly and voluntarily accepted the conditions imposed when IWC, a private, non-profit, unregulated corporation accepted a loan from the USDA." (Doc. No. 27). In *James Island* the Fourth Circuit rested its conclusion on the fact that South Carolina had "empowered" James Island "to issue general obligation bonds to obtain RDA loans, and thus agreed to the conditions unambiguously set forth in 7 U.S.C. § 1926(b)." *James Island Pub. Service District*, 249 F.3d at 330. Similarly, North Carolina empowers nonprofit entities to borrow money without limitation. *See* N.C.G.S. § 55A-3- 02 ("every corporation has…without limitation, power…to make contracts and guarantees, incur liabilities, borrow money, issue its notes, bonds, and other obligations, and secure any of its obligations by mortgage or pledge of any of its property, franchises, or income."). Consequently, under the authority of *James Island* these defenses fail as a matter of law and will be dismissed.

*vii. Reservation (Affirmative Defense # 11)*

Finally, in its eleventh affirmative defense, the City attempts to reserve its right to assert any other defenses for which it uncovers a factual basis in discovery. (Doc. No. 9). However, such a "reservation of rights" is not an affirmative defense and will be dismissed. *See West Virginia Hosp. and Travel, Inc. v. Gar S.*, 2019 WL 2387048, *6 (S.D. West Va.) (holding that similar reservation language had no legal effect). If the City wishes to add another affirmative defense, it may petition the Court for leave to amend its Answer. *Id* (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

### C. IWC's Counterclaims

The City has counterclaimed against IWC for violations of 15 U.S.C. § 2; the First Amendment of the United States Constitution[5]; Article I, Section 34 of the North Carolina Constitution; and North Carolina General Statutes §§ 75-1.1, 75-2.1, 55A-3-04, and 55A-14-30. (Doc. No. 9). The City also asks for a declaratory judgment defining IWC's proper service area. *Id*. IWC argues that it is solely engaged in the enforcement of its federally granted monopoly rights under § 1926(b) and therefore the City's counterclaims fail as a matter of law. IWC also contends that the Court lacks supplemental jurisdiction over the North Carolina General Statutes §§ 55A-3-04, and 55A-14-30 claims.

The City does not dispute that the provisions of § 1926(b) grant a legal monopoly to a water association that receives a qualifying federal loan. (Doc. No. 27). The City also does not dispute that a water association has the right to enforce its legal rights. *Id*. Instead, the City alleges that IWC obtained its federal loans not for the legitimate purpose of obtaining financing for a water project, but solely to extend the monopoly protections of § 1926(b). The City also maintains its

---

[5] The City has withdrawn its First Amendment claim and therefore it will be dismissed. (*See* Doc. No. 27, p.18).

11

Case 5:21-cv-00132-KDB-DSC   Document 37   Filed 04/25/22   Page 11 of 13

claims are based on actions taken by IWC to impermissibly expand the scope of its legally granted monopoly. *Id*. Specifically, the City alleges IWC threatened developers by stating that they must obtain water from IWC when the developers had no need for water from IWC or told developers outside the service area that they must obtain their water service from IWC. (Doc. No. 27 p.23).

The Court granted the motion for leave to file a partial summary judgment only to address threshold issues so that the parties could have a more streamlined and productive discovery process. (Doc. No. 19). The Court finds that IWC's challenge to the City's counterclaims goes beyond any threshold legal issue into factual issues that are properly subject to discovery. With nearly seven months remaining before the close of discovery, the Court thus concludes that partial summary judgment dismissing the City's counterclaims would be inappropriate. The Court will permit IWC to later reassert its motion as part of any final dispositive motion if it believes in good faith that it can meet its summary judgment burden with respect to the City's counterclaims.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff's Motion for Partial Summary Judgment, (Doc. No. 23), is **GRANTED** as follows: (a) IWC is an "association" under the CFRDA; (b) Defendant's counterclaim count two is dismissed; and (c) Affirmative Defenses one (Failure to State a Claim), two (Standing), three (Statute of Limitations), five (Failure to Mitigate), six (No Right to Provide Water), seven (Adequate Facilities), eight (First Amendment), nine (Tenth Amendment), ten (Spending Clause), and eleven (Reservation) are dismissed.

2. Plaintiff's Motion for Partial Summary Judgment, (Doc. No. 23), is **DENIED** with respect to all other arguments.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: April 25, 2022

Kenneth D. Bell
United States District Judge